EDWIN V. GAGE *vs.* ELBRIDGE G. WOOD & others.

Essex.     May 19, 1898. — June 23, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will* — " *Ground Rents* " — *Termination of Trust.*

Where trustees are directed by will to convey, at the decease of the testator's wife, " all property held by them, not herein otherwise disposed of, to my heirs at law *per stirpes*," certain ground rents accruing from real estate leased in 1854 for ninety-nine years then next ensuing, and at the end of the term renewable forever, must be regarded as a part of the property so to be conveyed, especially when that conclusion is favored by a consideration of the different portions of the will.

CONTRACT OR TORT. The first count was for money had and received, and the second was for conversion. The action being against Elbridge G. Wood, trustee under the will of Edmund Gage, Lydia W. Gage, the widow, who was also a trustee, having deceased, Clara G. Eaton, and Rebecca A. Covelle, who was also a trustee, were, on motion, made parties defendant. The plaintiff was the residuary legatee under the will. The case was submitted to the Superior Court, and, after judgment by *Sheldon*, J. that the net sum received from ground rents be paid by the defendant Wood to the plaintiff, and to the defendants Clara G. Eaton and Rebecca A. Covelle, in equal shares, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*C. W. Bartlett & E. R. Anderson*, for the plaintiff.

*H. E. Bartlett & J. H. Pearl*, for Clara G. Eaton and Rebecca A. Covelle.

KNOWLTON, J. The decision of this case depends upon the meaning of items four and five of the will of Edmund Gage. By item four he gave sundry stocks, bonds, and deposits in saving banks to trustees, to use the income for the support of his widow and his daughter Martha C. Gage, and after the death of this daughter to give the deposit in one savings bank to one of his two other daughters, and the deposit in another savings bank to the other, and a one thousand dollar bond to his son, and to pay the income of the balance to his widow during her life. At the decease of the widow, the deposits in two savings banks are specifically disposed of by the will, and then follows this provision : " At the decease of my said wife, to convey all property held by them, not herein otherwise disposed of, to my heirs at law *per stirpes.* Grants of ground rents to my daughters Rebecca A. and Clara G. are for the several terms of their natural lives." Item five gives to his son, the plaintiff in this action, all the rest, residue, and remainder of his estate. At the time of the decease of the widow, the trustees had in their hands sixteen shares of the stock of the First National Bank of Haverhill, twenty shares of stock of the Old Colony Railroad Company, and a one thousand dollar bond of the Cincinnati and Indiana Railroad Company, all of which have been divided between the plaintiff and his two sisters, who are the adverse claimants in this case, they three being the only heirs at law of the testator. The testator at the time of his decease was the owner of real estate in Cincinnati, Ohio, leased to one Kellogg by an indenture dated January 13, 1854, for the term of ninety-nine years then next ensuing, and at the end of the term renewable forever. In item four of the will he described the first item of property given to the trustees as " five hundred and thirty dollars per annum from my Cincinnati ground rents." This property they continued to hold and use with the other property, according to the directions of the will, until the decease of the widow.

The question is, whether these rents, after the death of the widow, were a part of the property described in item four of the

will, which was to be conveyed by the trustees to the testator's heirs at law, or whether they were given only for an indeterminate period which ended at the death of the widow, so that the amounts subsequently accruing passed to the plaintiff as residuary legatee.

By item two he gave to his daughter Rebecca four hundred and fifty dollars per annum from his Cincinnati ground rents, and by item three he gave to his daughter Clara G. a like sum from the same source.  Considering the different portions of the will together, we are of opinion that the testator used the expression "five hundred and thirty dollars per annum from my Cincinnati ground rents," and the other similar expressions, to designate as a part of his property to be separated from the rest a certain annual income from ground rents for such length of time as the rents should be paid.  By the sentence above quoted he limited the grants to his two daughters to a life estate in this property.  In this limitation there is an implication that the expression used in the gift to the trustees without a limitation includes the rents to the specified amount so long as they are paid.  The gift of these ground rents to the trustees, like the gifts of the stocks, bonds, and savings bank deposits, is absolute, and not for a limited time.  After making payments as directed to the time of the wife's decease, they had in their hands this right to the rents, as they had other property which remained undisposed of.  We are of opinion that these rents are a part of the property to be conveyed to the testator's heirs at law.

*Order of Superior Court affirmed.*